# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
    **Plaintiff**

v.                                                          Case Number 3:10-CR-00134(01)RM

                                                            USM Number 11100-027

**TIMOTHY J WARRICK**
        **Defendant**

                                                            **MICHAEL J TUSZYNSKI**
                                                            Defendant's Attorney

_____

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count(s) 1 of the Indictment on 3/30/2011.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2252(a)(2) DISTRIBUTION OF CHILD PORNOGRAPHY | December 17, 2009 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 2 of the Indictment is dismissed on the motion of the United States .

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

July 28, 2011
Date of Imposition of Judgment

/s/ Robert L. Miller, Jr.
Signature of Judge

Robert L. Miller, Jr.,
United States District Judge
Name and Title of Judge

July 28, 2011
Date

Defendant: TIMOTHY J WARRICK  Page 2 of 7
Case Number: 3:10-CR-00134(01)RM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the Bureau of Prisons designate as the place of the defendant's confinement a facility consistent with the defendant's security classification as determined by the Bureau of Prisons, the federal medical center at Rochester, Minnesota, or some other facility that can attend to his medical needs and allow him to participate (if he deemed eligible) in the Bureau of Prisons Sex Offender Treatment Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____ _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

Defendant: TIMOTHY J WARRICK  Page 3 of 7
Case Number: 3:10-CR-00134(01)RM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and two (2) periodic drug tests thereafter, as determined by the Court.

The above mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

Defendant: TIMOTHY J WARRICK                                                                                          Page 4 of 7
Case Number: 3:10-CR-00134(01)RM

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2. The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support his dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Defendant: TIMOTHY J WARRICK                                                                                         Page 5 of 7
Case Number: 3:10-CR-00134(01)RM

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment and that remainds unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall participate in sex offender testing and evaluations to include psychological, behavioral assessments and/or polygraph examinations and shall abide by all program requirements and restrictions.  The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court.

The defendant shall enter and attend sex offender specific group and individual counseling at an approved outpatient treatment program, if warranted from the testing, evaluation and assessments and shall abide by all program requirements and restrictions.  The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court.

The defendant shall neither possess nor have under his control any matter that is pornographic or that depicts or describes sexually explicit conduct as defined by 18 U.S.C. §2256, or any matter depicting sexual activity including any person under the age of eighteen.

The defendant may only have personal access to computer internet services that are approved by the probation officer. The probation officer shall have access to the defendant's personal computer to verify the same.

Defendant: TIMOTHY J WARRICK  Page 6 of 7
Case Number: 3:10-CR-00134(01)RM

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $17,500.00 | NONE |

The defendant shall make the special assessment and fine payments payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment and fine payments shall be due immediately.

### FINE

A fine in the amount of $17,500.00 is imposed. The fine shall be paid in monthly sums of not less than $100.00 commencing 30 days after the defendant is placed on supervision.

Payments shall be applied in the following order: (1) special assessment, (2) fine principal, and (3) fine interest.

Defendant: TIMOTHY J WARRICK  Page 7 of 7
Case Number: 3:10-CR-00134(01)RM

Name:     TIMOTHY J WARRICK

Docket No.:     3:10-CR-00134(01)RM

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                                        Date


_____     _____
U.S. Probation Officer/Designated Witness                         Date